STATE OF NORTH CAROLINA v. QUINTEN DALE STRICKLAND, Defendant

No. COA04-79

(Filed 15 March 2005)

**Probation and Parole— indecent liberties—special condition of probation—defendant cannot reside in home with minor child**

N.C.G.S. § 15A-1343(b2)(4), which mandates a special condition of probation that defendant may not reside in a household with any minor child if the offense is one in which there is evidence of sexual abuse of a minor, was a valid condition for defendant's probation arising out of multiple convictions for taking indecent liberties with a child based upon his sexual contact with his thirteen-year-old sister-in-law and did not violate defendant's due process rights. Further, the trial court did not err by activating defendant's sentence based on a violation of this special condition of probation based on defendant residing in a home with his wife and minor son, because: (1) defendant was not losing custody of his child, but instead his right of association with his child was being restricted for a probationary period of 36 months; (2) defendant was not prohibited by the contested condition from seeing his child nor did it prevent defendant from visiting his child in the home where his wife and child were residing; (3) defendant had the potential, through good conduct, to shorten

the term of his probation; (4) defendant took advantage of the fact that he was residing with the minor victim to facilitate the abuse and the thirteen-year-old victim in the instant case was related to defendant through marriage; (5) N.C.G.S. § 15A-1343(b2)(4) serves the purpose of the goals of sentencing and probation to protect the public, assist the offender toward rehabilitation, and providing a general deterrent; (6) a restriction prohibiting defendant from residing in a household with any child, regardless of the gender or relationship of defendant to the child, is not unreasonable or violative of defendant's constitutional rights; and (7) our legislature decided to err on the side of caution by making N.C.G.S. § 15A-1343(b2)(4) a mandatory condition, and one that does not permit exceptions for defendant's own children.

Appeal by defendant from judgment and commitment entered 25 August 2003 by Judge James Floyd Ammons, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 15 November 2004.

*Attorney General Roy Cooper, by Assistant Attornay General Kathleen U. Baldwin, for the State.*

*Adrian M. Lapas, for defendant-appellant.*

STEELMAN, Judge.

From the period of 15 October 2000 to 18 January 2000 defendant, then 25 years old, was living with his wife and their small son in the home of defendant's mother-in-law. Also residing in that home was the minor sister of defendant's wife (minor). The minor was 13 years old in October of 2000, and turned 14 in December of that same year. During this period, defendant had sexual intercourse with the minor on multiple occasions. As a result of this intercourse, the minor became pregnant with defendant's child, to whom she subsequently gave birth.

Defendant was indicted 24 February 2003 for four counts of statutory rape in violation of N.C. Gen. Stat. § 14-27.7A(a) (2004); four counts of taking indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1(a)(1) (2004); and three counts of a crime against nature in violation of N.C. Gen. Stat. § 14-177. On 6 June 2003 defendant pled guilty to four counts of taking indecent liberties with a child and the remaining charges were dismissed by the State. The trial

court sentenced defendant to four consecutive terms of 16 to 20 months imprisonment, but suspended each sentence and placed defendant on supervised probation for a term of 36 months. Among the terms of special probation was one mandated by N.C. Gen. Stat. § 15A-1343(b2)(4) (2004) stating that defendant may: "Not reside in a household with any minor child if the offense is one in which there is evidence of sexual abuse of a minor." Defendant was presented with a list of all the conditions of his probation, and he signed this list indicating his agreement to abide by all of them. On 17 June 2003 defendant's probation officer arrested him for violating his probation because defendant was residing at his home with his wife and minor son. At the 25 August 2003 revocation hearing, the trial court revoked defendant's probation and activated his sentences. From the judgments revoking his probation, defendant appeals.

In his first assignment of error, defendant argues that Section 15A-1343(b2)(4) of the North Carolina General Statutes is unconstitutional as it is overbroad and its imposition as a condition of probation deprived defendant of his constitutional rights to parent and care for his minor child without any showing that defendant was unfit or that the child was endangered. We disagree.

N.C. Gen. Stat. § 15A-1343(b2)(4) states:

(b2) Special Conditions of Probation for Sex Offenders and Persons Convicted of Offenses Involving Physical, Mental, or Sexual Abuse of a Minor.—As special conditions of probation, a defendant who has been convicted of an offense which is a reportable conviction as defined in G.S. 14-208.6(4), or which involves the physical, mental, or sexual abuse of a minor, must:

(4) Not reside in a household with any minor child if the offense is one in which there is evidence of sexual abuse of a minor.

Defendant argues that N.C. Gen. Stat. §15A-1343(b2)(4) is overbroad, and that as applied to him on these facts it constitutes an impermissible deprivation of his constitutional right to care and custody of his child without due process. Defendant argues that this right was infringed upon without any finding by the trial court that he is an unfit parent or that his child was endangered by his presence in the home.

"[T]he Constitution protects a fundamental liberty interest of a parent to the custody and care of a child. If a state actor interferes with these rights, then the parent is entitled to procedural due

process." *Perry v. Wake County Dep't of Social Servs.*, 1995 U.S. Dist. LEXIS 14586 (E.D.N.C., 1995). There is no question that in order to permanently terminate parental rights the trial court must conform to due process standards. *Newton v. Burgin*, 363 F. Supp. 782, 785-86 (W.D.N.C., 1973). It is also true that conditions of probation may affect the defendant's constitutional rights. *State v. Mitchell*, 22 N.C. App. 663, 665, 207 S.E.2d 263, 264 (1974). However, "The sentencing judge has broad discretion in setting probation conditions, including restricting fundamental rights. The restriction on [defendant's] association rights is valid if (1) primarily designed to meet the ends of rehabilitation and protection of the public, and (2) reasonably related to such ends." *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir., 1991); *see also Commonwealth v. LaPointe*, 759 N.E.2d 294, 298 (Mass., 2001) ("A probation condition is enforceable, even if it infringes on a defendant's ability to exercise constitutionally protected rights, so long as the condition is 'reasonably related' to the goals of sentencing and probation."). " 'The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation.' " *Newton*, 363 F. Supp. at 786 (citation omitted).

Our General Assembly recognized the particular risk sex offenders pose to the public, and "that protection of the public from sex offenders is of paramount governmental interest." N.C. Gen. Stat. § 14-208.5 (2004); *State v. Sakobie*, 165 N.C. App. 447, 450, 598 S.E.2d 615, 617 (2004). "The primary purposes of criminal sentencing are to 'impose a punishment commensurate with the injury the offense has caused . . .; to protect the public by restraining offenders; to assist the offender toward rehabilitation . . .; and to provide a general deterrent to criminal behavior.' N.C. Gen. Stat. § 15A-1340.12 (1994)." *State v. Tucker*, 154 N.C. App. 653, 658, 573 S.E.2d 197, 201 (2002).

Defendant argues that we should look to child custody cases to determine the appropriate due process standard in the probation context. Defendant's argument is not convincing. The cases defendant cites, such as *Peterson v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994), concern the determination of whether permanent custody of the child will reside with the parent, or some third party. More generally, child custody cases involve the permanent or long term placement of the child. In the instant case defendant was not losing custody of his child, his right of association with his child was being restricted for a probationary period of 36 months. Defendant was not prohibited by the contested condition from seeing his child. The contested condi-

tion of probation did not prevent defendant from visiting his child in the home where his wife and child were residing. The condition simply prevented him from also residing in that home for the probationary period. Defendant's child was residing with its mother, and at the successful completion of defendant's probation there would be no restrictions on his association with, or custody and control of, his child. Further, defendant had the potential, through good conduct, to shorten the term of his probation. N.C. Gen. Stat. § 15A-1342(b).

Defendant also argues that N.C. Gen. Stat. § 15A-1343(b2)(4) is unconstitutional as applied to him because he represents no threat to his child, and thus the purposes of sentencing and probation are not served in requiring him to abide by this condition. Defendant argues that his crime arose out of his sexual contact with his thirteen-year-old sister-in-law, who was not a blood relative, and that there was no evidence that he had ever abused his own children.

No court in our jurisdiction has directly addressed the constitutionality of a condition of probation preventing a defendant from residing with his own child on similar facts, so we look outside of North Carolina for guidance. In *Commonwealth v. LaPointe*, the Supreme Court of Massachusetts stated: "We reject the defendant's contention that the condition prohibiting him from residing with his son M.L. is invalid because the defendant 'has no history of any sexual relations with males (adults or children),' . . . . Irrespective of gender, as a minor, M.L. could be considered a potential target of the defendant. The judge acted reasonably in providing M.L. with some measure of protection." *Commonwealth v. LaPointe*, 759 N.E.2d 294, 299 (Mass., 2001). We believe the same logic counsels caution in allowing defendant to reside with his own child when he has been convicted of taking indecent liberties with a minor not his child, particularly, as here, when defendant took advantage of the fact that he was residing with the minor victim to facilitate the abuse. *See State v. Ehli*, 681 N.W.2d 808 (N.D., 2004). Further, the victim in the instant case was related to defendant through marriage. To the extent that defendant might feel tempted to sexually abuse a minor child when it and defendant are residing under the same roof, N.C. Gen. Stat. § 15A-1343(b2)(4) also serves the purposes of sentencing and probation of rehabilitation by removing defendant from the temptation to repeat his crimes. The limitations placed on defendant by N.C. Gen. Stat. § 15A-1343(b2)(4) further serve as a deterrent, as defendant will realize this is one consequence of his criminal acts.

Defendant would have the courts make a detailed investigation in each case to the peculiar sexual desires of a child sex offender. The trial court would then be required to tailor the conditions of a defendant's probation to his particular form of predatory behavior. We expressly reject such an approach. In light of the fact that defendant repeatedly molested a child while living in the same household as his wife and mother-in-law, we hold that a restriction prohibiting defendant from residing in a household with any child, regardless of the gender or relationship of defendant to the child, is not unreasonable, or violative of defendant's constitutional rights.

We finally note that whereas our juvenile code has as its polar star the best interest of the child, our criminal code is guided by its goals of protecting the public, reforming the defendant, and holding the defendant accountable for his bad acts in a way serving as a deterrent. The due process requirements of the two codes are distinct. There is no greater State interest than that of protecting its children. In enacting N.C. Gen. Stat. § 15A-1343(b2)(4) our legislature clearly made a choice to err on the side of caution by making N.C. Gen. Stat. § 15A-1343(b2)(4) a mandatory condition, and one that does not permit exceptions for the defendant's own children. We hold that N.C. Gen. Stat. § 15A-1343(b2)(4) is a valid condition on these facts, and does not violate defendant's due process rights, as it is reasonably related to the goals of sentencing and probation: Namely, protecting the public, assisting the offender toward rehabilitation, and providing a general deterrent. This assignment of error is without merit.

Because defendant has not argued his other assignment of error in his brief, it is deemed abandoned. N.C. R. App. P. Rule 28(b)(6) (2003).

AFFIRMED.

Chief Judge MARTIN and Judge McCULLOUGH concur.