STATE OF NORTH CAROLINA v. BRYAN CROWDER, DEFENDANT

No. COA09-1364

(Filed 21 December 2010)

**Probation and Parole— insufficient evidence of violation—no written notice of conditions—revocation erroneous**

The trial court erred by revoking defendant's probation where the State presented no evidence that defendant "resided" in a household with a minor child and defendant was never provided written notice of the two remaining conditions of his probation which were listed on the probation violation report.

STATE v. CROWDER

[208 2 N.C. App. 723 (2010)]

Appeal by defendant from judgment and order entered 13 July 2009 by Judge C. Philip Ginn in Avery County Superior Court. Heard in the Court of Appeals 19 August 2010.

*Attorney General Roy Cooper, by Special Deputy Attorney General Ted R. Williams, for the State.*

*Don Willey for defendant-appellant.*

GEER, Judge.

Defendant Bryan Crowder appeals from the trial court's revocation of his probation. Defendant was accused of violating a special condition of probation included in the written judgments, namely that he "[n]ot reside in a household with any minor child," along with two conditions not contained in the written judgments. Because defendant was never provided written notice of the latter two conditions, and the State presented no evidence as to the former, we hold that the trial court erred in concluding that defendant violated his probation.

## Facts

On 10 March 2008, defendant pled guilty to three counts of indecent liberties with a minor. On 26 March 2008, the trial court sentenced him to an active sentence on one count. On the remaining two counts, the trial court imposed two consecutive presumptive-range sentences of 19 to 23 months imprisonment, suspended those sentences, and placed defendant on supervised probation for 36 months. Because defendant's offenses involved the sexual abuse of a minor, the special conditions of his probation included a condition that he was "[n]ot to reside in a household with any minor child." The conditions of probation recorded in the two written judgments do not otherwise prohibit defendant from having contact with minors other than the victim of the offenses.

On 19 May 2009, defendant's probation officer, Brandi Renfro, issued two probation violation reports against defendant, each alleging the same violation of his probationary sentence. The report stated that defendant willfully violated:

1. Sex Offender Special Condition Number

   THE PROBATIONER IS ORDERED TO NOT RESIDE IN A HOUSEHOLD WITH A MINOR CHILD. HE IS ALSO ORDERED TO "NOT SOCAILIZE [sic] OR COMMUNICATE WITH INDIVIDUALS UNDER THE AGE OF 18 IN WORK OR SOCIAL

ACTIVITIES UNLESS ACCOMPANIED BY A RESPONSIBLE ADULT WHO IS AWARE OF THE ABUSIVE PATTERNS AND IS APPROVED IN WRITING BY THE SUPERVISING OFFICER", AS WELL AS "NOT BE ALONE WITH ANY MINOR CHILD BELOW THE AGE OF 18 YEARS OF AGE [sic] UNLESS APPROVED BY HIS SUPERVISING OFFICER IN WRITING." ON 05/19/2009 THE PROBATIONER WAS FOUND TO HAVE A MINOR CHILD AT HIS RESIDENCE WITHOUT THE PERMISSION OF THE OFFICER OR THE COURT.

The trial court conducted a probation violation hearing on 9 July 2009. The State's evidence showed that on 19 May 2009, a probation officer arrived at defendant's home to conduct a curfew check and saw a juvenile leaving defendant's camper. The juvenile was the daughter of defendant's fiancée and was not the victim of defendant's prior offenses. The probation officer testified:

> The situation that happened on the 19th day of May when the surveillance officer went to the residence, he pulled up at the residence. The young child came out of the camper and the Defendant was also located inside the camper. It is in fact Your Honor a camper. We are not talking about some 2500 square foot home, it is a mobile camper. They were inside the residence, and they were inside that residence together. The Defendant cannot have that child there in his residence. It is a condition of his probation in black and white.

She added: "He knows he can't have that child in that residence and that is exactly where [the child] was." Defendant, however, introduced into evidence a letter from his fiancée's mother in which she stated that the child resided in the maternal grandmother's home.

The trial court asked the probation officer if defendant's "probationary judgment [was] altered in some way by the probation office other than what Judge Baker said to where he would be permitted to have somebody there if you all approved it?" The probation officer testified that the written judgments imposing probation had not been altered. According to the probation officer, other than the alleged violation, defendant substantially complied with the conditions of his probation, including attending sex offender treatment.

Defendant contended that he was never alone unsupervised with the child and argued that the child did not "reside" there, as prohibited by his probation. The trial court responded, "That is usually a

fairly narrow constriction [sic] of that requirement [counsel]. He is not supposed to have any children anywhere around him."

The trial court found that defendant had willfully violated the conditions of his probation as alleged in the violation report. The trial court then revoked defendant's probation and activated one term of 19 to 23 months imprisonment in case 07 CRS 745, but modified defendant's other term of probation in case 07 CRS 50590 to begin after he is released from prison. Defendant timely appealed to this Court.

Discussion

On appeal, defendant argues that the trial court abused its discretion in revoking his probation because the State failed to present evidence that he violated a valid condition of his probation. Probation "is an act of grace by the State to one convicted of a crime. [Thus], a proceeding to revoke probation is not bound by strict rules of evidence and an alleged violation of a probationary condition need not be proven beyond a reasonable doubt." *State v. Hill*, 132 N.C. App. 209, 211, 510 S.E.2d 413, 414 (1999) (internal citation and internal quotation marks omitted). "All that is required is that the evidence be sufficient to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation." *State v. White*, 129 N.C. App. 52, 58, 496 S.E.2d 842, 846 (1998), *disc. review improvidently allowed in part and aff'd in part per curiam*, 350 N.C. 302, 512 S.E.2d 424 (1999). "Any violation of a valid condition of probation is sufficient to revoke defendant's probation." *State v. Tozzi*, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). A finding of a violation of probation, "if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion." *State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008).

The violation reports in this case alleged that defendant violated three conditions of his probation: (1) "not reside in a household with a minor child"; (2) not socialize or communicate with minors unless accompanied by an adult who has been approved by a probation officer in writing; and (3) not be alone with a minor unless a probation officer gives approval in writing. The first condition, included in defendant's written judgments, is required by statute as a mandatory special condition of probation for sex offenders. *See* N.C. Gen. Stat. § 15A-1343(b2)(4) (2009).

Under N.C. Gen. Stat. § 15A-1343(b2)(4), a sex offender, while on probation, may "[n]ot reside in a household with any minor child if the offense [of which he was convicted] is one in which there is evidence of sexual abuse of a minor." In announcing its decision to revoke defendant's probation, the trial court, in this case, explained its view that "reside," as used in the statute, means that defendant "is not supposed to have any children anywhere around him." Based on the probation officer's testimony at trial, she appeared to share the same interpretation of "reside."

This interpretation of "reside" as used in N.C. Gen. Stat. § 15A-1343(b2)(4) is contrary to *State v. Strickland,* 169 N.C. App. 193, 609 S.E.2d 253 (2005). In *Strickland,* the defendant challenged the constitutionality of N.C. Gen. Stat. § 15A-1343(b2)(4), arguing that the statute was constitutionally overbroad and that it violated his constitutional right to the care and custody of his child without due process. 169 N.C. App. at 195, 609 S.E.2d at 254. This Court upheld the constitutionality of the statute based on the fact that the defendant "was not prohibited by the contested condition from seeing his child. The contested condition of probation did not prevent defendant from visiting his child in the home where his wife and child were residing. The condition simply prevented him from also residing in that home for the probationary period." *Id.* at 196-97, 609 S.E.2d at 255.

Thus, in *Strickland* this Court construed the word "reside" much more narrowly than the trial court did in this case in order to ensure the constitutionality of the probation condition. *Strickland* establishes that the condition is not violated simply when a defendant sees or visits with a child. Contrary to the trial court's determination, the condition did not prevent defendant from having a child "anywhere around him."

Here, we need not specifically decide how long a child must be in a residence with a defendant to constitute "residing" within the meaning of N.C. Gen. Stat. § 15A-1343(b2)(4). The State did not present any evidence and did not argue at the trial level that defendant was doing anything more than visiting with his fiancée's child, which *Strickland* holds is not sufficient to establish a violation of N.C. Gen. Stat. § 15A-1343(b2)(4). The only evidence in the record regarding the child's residence, while not dispositive, is the letter from the child's maternal grandmother stating that the child lived with her. Although the State argues on appeal that the evidence implies "that since the minor in question was the child of the defendant's fiancé [sic], the

STATE v. CROWDER

[208 N.C. App. 723 (2010)]

minor's presence was not merely sporadic," the record contains no evidence that the child did more than visit defendant on one occasion. Accordingly, the record does not contain evidence supporting a finding that defendant violated the special condition of probation set out in N.C. Gen. Stat. § 15A-1343(b2)(4).

With respect to the two remaining conditions listed in the probation violation report, although they are set out in quotation marks in the report, neither the record on appeal nor the transcript indicates the source—or any support—for those conditions, which were not included in defendant's written judgments. In addition, at the probation hearing, the probation officer testified that the conditions of probation set forth in the written judgment had not been modified. At most, it appears that defendant's probation officer may have orally spoken with defendant about being around his fiancée's children. The State does not argue otherwise.

It is well established that "[a] defendant released on supervised probation must be given a written statement explicitly setting forth the conditions on which he is being released. If any modification of the terms of that probation is subsequently made, he must be given a written statement setting forth the modifications." N.C. Gen. Stat. § 15A-1343(c). "Oral notice to defendant of his conditions of probation is not a satisfactory substitute for the written statement required by statute." *State v. Lambert*, 146 N.C. App. 360, 369, 553 S.E.2d 71, 78 (2001) (finding invalid and vacating special condition of probation that was imposed orally at trial but not provided to defendant in a written statement), *appeal dismissed and disc. review denied*, 355 N.C. 289, 561 S.E.2d 271 (2002).

As there is no evidence, in this case, that defendant was provided with written notice of the second and third conditions listed in his violation report, those conditions were not valid conditions of defendant's probation. Consequently, defendant's probation could not be revoked for socializing or communicating with a minor or being alone with a minor, as set out in the probation violation report.

In sum, N.C. Gen. Stat. § 15A-1343(b2)(4) was the only valid condition of probation that the State contended defendant violated. Since no evidence was presented that tended to show that defendant violated this condition, the trial court erred in concluding that defendant violated a valid condition of his probation. We, therefore, vacate the judgment revoking defendant's probation in case 07 CRS 745 and the order modifying defendant's probation in case 07 CRS 50590.

Vacated.

Judges JACKSON and BEASLEY concur.