STATE v. JONES

[225 N.C. App. 181 (2013)]

━━━━━━━━━━

STATE OF NORTH CAROLINA
v.
PRESTON R. JONES

No. COA12-992

Filed 15 January 2013

**1. Probation and Parole—probation revocation—willful violation—remand—clerical error**

The trial court did not abuse its discretion by revoking defendant's probation where defendant was convicted of a criminal offense while on probation, and defendant admitted to the willfulness of the violation. The matter was remanded to the trial court to fix a clerical error.

**2. Constitutional Law—effective assistance of counsel—probation revocation hearing—no different outcome**

Defendant received ineffective assistance of counsel in a probation revocation hearing where there was no reasonable probability that further evidence concerning defendant's education,

lack of financial resources, or disability would have affected the outcome of defendant's probation violation hearing.

Appeal by defendant from judgment entered 5 March 2012 by Judge Thomas H. Lock in Johnston County Superior Court. Heard in the Court of Appeals 12 December 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Tiffany Y. Lucas, for the State.*

*Daniel F. Read for defendant appellant.*

McCULLOUGH, Judge.

Preston R. Jones ("defendant") appeals from a judgment of the trial court revoking his probation and activating his sentence. We affirm and remand for correction of clerical errors.

## I.  Background

On 15 December 2011, defendant pled guilty to the charge of assault with a deadly weapon inflicting serious injury. Pursuant to the plea arrangement, defendant was sentenced to 20 to 33 months' imprisonment, suspended for 36 months of supervised probation.

On 7 February 2012, defendant's probation officer filed a probation violation report indicating defendant had violated four conditions of his probation as follows: (1) failure to complete community service; (2) multiple violations of curfew; (3) failure to pay court fees; and (4) failure to obtain employment. On 2 March 2012, defendant's probation officer filed a second probation violation report indicating defendant had violated the terms of his probation by committing a criminal offense while he was on probation in that he was convicted for possession of 0.5 to 1.5 ounces of marijuana on 23 February 2012.

A probation violation hearing was held on 5 March 2012. At the hearing, defendant's counsel indicated defendant's admission to willfully violating the terms of his probation. Defendant's counsel argued to the trial court that, despite defendant's admission, consideration should be given to defendant's age and apparent disability that makes it difficult for him to find employment. Defendant's counsel also argued to the trial court that consideration should be given to defendant's representations that he had been attending community college classes and that he had acted in self-defense during the incident giving

rise to the underlying assault conviction. Defendant's counsel asked the trial court to consider ordering a 90-day confinement period in response to the violations rather than revoking defendant's probation.

After considering arguments of counsel, defendant's admission, and testimony from defendant's probation officer, the trial court found that defendant had willfully violated the terms of his probation as alleged. Consequently, the trial court revoked defendant's probation and activated his sentence. The trial court recommended a substance abuse treatment program for defendant while serving his sentence.

Following the hearing, the trial court entered a written judgment revoking defendant's probation and activating his sentence. The trial court's judgment specifically found as fact that defendant had willfully violated paragraphs one through four of the 7 February 2012 probation violation report and that the court was authorized to revoke defendant's probation "because the defendant twice previously has been confined in response to violation under G.S. 15A-1344(d2)." On 7 March 2012, defendant was returned to open court, where he gave oral notice of appeal from the trial court's judgment revoking his probation and activating his sentence.

## II. Probation Revocation

### A. Standard of Review

A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.

*State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (internal quotation marks and citations omitted).

### B. Probation Revocation Under The Justice Reinvestment Act of 2011

[1] The Justice Reinvestment Act of 2011 ("the Justice Reinvestment Act"), 2011 N.C. Sess. Laws 192, amended and modified certain statutory provisions governing probation revocation. First, the Justice

Reinvestment Act amended subsection (a) of N.C. Gen. Stat. § 15A-1344 to include the following provision: "The court may only revoke probation for a violation of a condition of probation under G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a), except as provided in G.S. 15A-1344(d2). Imprisonment may be imposed pursuant to G.S. 15A-1344(d2) for a violation of a requirement other than G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a)." 2011 N.C. Sess. Laws 192, § 4.(b). Accordingly, the trial court retains the authority to revoke a defendant's probation in the first instance only for a violation of N.C. Gen. Stat. § 15A-1343(b)(1) or N.C. Gen. Stat. § 15A-1343(b)(3a).

N.C. Gen. Stat. § 15A-1343(b)(1) (2011) provides that as a regular condition of probation, a defendant must "[c]ommit no criminal offense in any jurisdiction." *Id.* N.C. Gen. Stat. § 15A-1343(b)(3a) was added by the Justice Reinvestment Act and adds as a regular condition of probation that a defendant is "[n]ot to abscond, by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer." 2011 N.C. Sess. Laws 192, § 4.(a).

In addition, the Justice Reinvestment Act added a new subsection to N.C. Gen. Stat. § 15A-1344, which provides:

> (d2) **Confinement in Response to Violation.**—When a defendant has violated a condition of probation other than G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a), the court may impose a 90-day period of confinement for a defendant under supervision for a felony conviction or a period of confinement of up to 90 days for a defendant under supervision for a misdemeanor conviction. The court may not revoke probation unless the defendant has previously received a total of two periods of confinement under this subsection. A defendant may receive only two periods of confinement under this subsection.

2011 N.C. Sess. Laws 192, § 4.(c).[1] Accordingly, under these revised provisions, the trial court "may *only* revoke probation if the defendant commits a criminal offense or absconds[,]" and may "impose a ninety-day period of confinement for a probation violation

---

1. We note subsection (d2) was rewritten for clarification effective 16 July 2012. 2012 N.C. Sess. Laws 188, § 2. The modifications contained no substantive changes to the subsection as written under the Justice Reinvestment Act. However, because defendant's probation violations occurred prior to 16 July 2012, we apply the subsection as written prior to the 16 July 2012 modification.

other than committing a criminal offense or absconding." *State v. Floyd*, ___ N.C. App. ___, ___, 714 S.E.2d 447, 450 (2011).

These new and revised subsections became effective on 1 December 2011 and apply to probation violations occurring on or after that date. 2011 N.C. Sess. Laws 192, § 4.(d). Because defendant's probation violations all occurred after 1 December 2011, the newly modified and amended provisions governed defendant's probation violation hearing.

## C.  Application to the Present Case

In the findings section of the judgment, a box is checked indicating that the trial court had authority to revoke defendant's probation under the Justice Reinvestment Act "because the defendant twice previously has been confined in response to violation under G.S. 15A-1344(d2)." Defendant contends on appeal that this finding is not supported by any competent evidence in the record, and we agree. However, as defendant acknowledges, this finding appears to be the result of a clerical error. "A clerical error is an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Lark*, 198 N.C. App. 82, 95, 678 S.E.2d 693, 702 (2009) (internal quotation marks, brackets, and citations omitted), *disc. review denied*, 363 N.C. 808, 692 S.E.2d 111 (2010).

The record and the transcript reveal that the 2 March 2012 probation violation report indicating that defendant had been convicted of a criminal offense, namely possession of 0.5 to 1.5 ounces of marijuana, while he was on probation was considered by the trial court at defendant's probation violation hearing and was incorporated by reference in the trial court's judgment revoking defendant's probation. In addition, the transcript reveals both that defendant admitted at the probation violation hearing to the willfulness of the violations contained in both probation violation reports and that the trial court noted that "[t]his is, even under the Justice Reinvestment Act, a violation in which probation can be revoked[,] if convicted of another offense." Accordingly, the trial court should have checked the box finding that it had the authority to revoke defendant's probation under the Justice Reinvestment Act "for the willful violation of the condition(s) that he/she not commit any criminal offense, G.S. 15A-1343(b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a), as set out above."

The finding of such a willful violation by defendant is supported by competent evidence and supports the trial court's decision to revoke defendant's probation under the provisions of the Justice Reinvestment Act. Therefore, we must remand for correction of this clerical error in the judgment. *See Lark*, 198 N.C. App. at 95, 678 S.E.2d at 702 (" 'When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record "speak the truth." ' " (quoting *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008))).

In addition, the findings section of the judgment states: "The condition(s) violated and the facts of each violation are as set forth . . . in paragraph(s) 1;2;3;4; in the Violation Report or Notice dated 02/07/2012." The omission of paragraph one of the 2 March 2012 violation report appears to also be the result of inadvertence and therefore a clerical error, as the transcript reveals that the trial court specifically addressed defendant's conviction at the probation violation hearing. The trial court not only noted its authority to revoke defendant's probation under the Justice Reinvestment Act because of defendant's conviction of another offense, but also stated it did not initially see the other violations, only "the conviction," and inquired into a prior misdemeanor marijuana conviction on defendant's record. Further, the trial court specifically announced its finding that defendant was "in willful violation of the terms and conditions of probation as alleged" and recommended substance abuse treatment for defendant. Therefore, it appears that the judgment should likewise be corrected to refer also to paragraph one of the 2 March 2012 violation report.

Defendant further contends that even considering the proper findings of fact, the trial court abused its discretion in revoking his probation by failing to consider certain mitigating circumstances, including his youth, lack of education, lack of financial resources, and disability, which limited his ability to comply with the terms of his probation. However, the transcript of the probation violation hearing shows that these circumstances were presented to the trial court by defendant's counsel, and the record reveals no way in which the trial court failed to consider those arguments. Moreover, although those circumstances may concern the probation violations contained in the 7 February 2012 violation report, defendant has failed to show

how those circumstances impaired his ability to comply with the terms of his probation by not committing another criminal offense, a violation to which defendant admitted willfulness at the hearing. We discern no abuse of discretion in the trial court's judgment revoking defendant's probation in this case, and defendant's argument on this issue is therefore without merit.

### III.  Ineffective Assistance of Counsel

**[2]** Defendant's remaining argument on appeal is that he received ineffective assistance of counsel because his counsel failed to develop any evidence concerning defendant's education, lack of financial resources, and disability, which were mitigating factors the trial court may have considered in making its determination of whether to revoke defendant's probation. Defendant argues his counsel's failure to likewise request a continuance to investigate and gather such information for the probation violation hearing caused him to suffer the ineffective assistance of counsel.

> To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006) (internal quotation marks and citations omitted). "[I]f a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." *State v. Braswell*, 312 N.C. 553, 563, 324 S.E.2d 241, 249 (1985).

After examining the record before us, we conclude that there is no reasonable probability that further evidence concerning defendant's education, lack of financial resources, and disability would have affected the outcome of defendant's probation violation hearing. The

record reveals the probation violation that triggered defendant's revocation was his commission of another criminal offense, and this violation is the violation with which the trial court was concerned in determining whether to revoke defendant's probation. The trial court made no further inquiry of defendant's counsel as to the mitigating circumstances expressed by defendant. Rather, the trial court focused on defendant's prior drug conviction, as well as the new drug conviction committed by defendant while he was on probation. As we have stated, none of the mitigating factors expressed by defendant concern his commission of a separate criminal offense. Thus, defendant cannot show how the outcome of the probation violation hearing would have been different, and his argument on this issue is therefore without merit.

### IV.  Conclusion

We affirm the trial court's revocation of defendant's probation. Defendant was convicted of a criminal offense while on probation, and defendant admitted to the willfulness of the violation at the probation violation hearing. Under the newly modified and amended terms of the Justice Reinvestment Act, the trial court was authorized to revoke defendant's probation upon a finding of such a willful violation. Such finding is supported by competent evidence in the present case, and we discern no abuse of discretion by the trial court in revoking defendant's probation. In addition, we hold defendant received the effective assistance of counsel at the probation violation hearing. We remand, however, to allow the trial court to correct the clerical errors noted herein.

Affirmed in part, remanded in part.

Judges STEELMAN and STEPHENS concur.