IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-702

No. COA20-831

Filed 21 December 2021

Buncombe County, Nos. 17 CRS 86913, 18 CRS 338

STATE OF NORTH CAROLINA

v.

BRYSON JOHNSON WHATLEY

Appeal by Defendant from Judgments entered 21 November 2019 by Judge Steve R. Warren in Buncombe County Superior Court. Heard in the Court of Appeals 20 October 2021.

*Attorney General Joshua H. Stein, by Senior Deputy Attorney General Amar Majmundar and Assistant Attorney General Grace R. Linthicum, for the State.*

*Sigler Law, PLLC, by Kerri L. Sigler, for defendant-appellant.*

HAMPSON, Judge.

## **Factual and Procedural Background**

¶ 1 Bryson Johnson Whatley (Defendant) appeals from Judgments and Commitments revoking his supervised probation and activating two suspended consecutive sentences. The Record before us tends to show the following:

¶ 2 On 7 May 2018, a Buncombe County Grand Jury indicted Defendant on one count of Assault with a Deadly Weapon with Intent to Kill (17 CRS 86913) and one

count of Robbery with a Dangerous Weapon (18 CRS 338). On 5 September 2018, Defendant pled guilty to the charges in 17 CRS 86913 and 18 CRS 338. The trial court sentenced Defendant to a term of twenty to thirty-three months in 17 CRS 86913, and a consecutive term of ten to twenty-one months in 18 CRS 338. The trial court suspended both sentences and placed Defendant on 36-month terms of probation in each case.

¶ 3    Defendant's probation officers filed numerous violation reports, and the trial court modified Defendant's terms of probation on numerous occasions. Relevant to this appeal, the trial court modified Defendant's probation on 25 January 2019 and ordered Defendant serve 90-day Confinement in Response to Violation (CRV) periods in both cases. On 2 May 2019, the trial court modified Defendant's probation in 18 CRS 338 and added a condition Defendant comply with the Security Risk Group Agreement (SRG Agreement). The trial court did not modify Defendant's probation in 17 CRS 86913 based on the same violation report. On 3 July 2019, the trial court modified Defendant's probation in 18 CRS 338 and imposed a second 90-day CRV period. The trial court also modified Defendant's probation in 17 CRS 86913 by imposing electronic monitoring on Defendant after his release from the CRV period in 18 CRS 338. However, the trial court did not impose a CRV period in 17 CRS 86913, and the trial court continued the disposition in that matter until 19 December 2019.

¶ 4        Finally, on 4 October 2019, Defendant's probation officer filed a violation report alleging eight probation violations in both cases. The eighth listed violation alleged Defendant failed to comply with the SRG Agreement. Defendant's cases came on for a probation violation hearing on 21 November 2019 in Buncombe County Superior Court.

¶ 5        At the outset, Defendant did not waive a hearing and expressly denied all eight alleged violations. The State moved to dismiss the seventh alleged violation and proceeded to present the trial court with evidence of Defendant's other alleged violations. The first four allegations related to Defendant not reporting for supervision within 72 hours of release from CRV and not setting up electronic monitoring within that 72-hour period.[1] The fifth and sixth violations alleged Defendant did not obtain a GED and was not gainfully employed as previously ordered as probation conditions. Regarding the eighth violation, the State presented evidence Defendant posted gang related content online, in violation of the SRG Agreement.

¶ 6        In arguing the trial court should not find Defendant willfully committed the alleged violations contained in the relevant reports, defense counsel stated: "He served two CRVs on the first case. On the second case he served one and Your Honor

---

[1] The testimony indicates Defendant checked in with the Probation Office on the day his 72-hour window expired some hours after the window expired.

held that one in abeyance, so in any event, two CRVs technical violations, technically he can be revoked." The Record indicates the only probation proceeding the trial held in abeyance or continued was the July 2019 proceeding in 17 CRS 86913. The trial court was "not reasonably satisfied there was a willful violation" in the first four allegations. The trial court expressed no findings as to the fifth and sixth alleged violations. After the parties concluded their cases, the trial court allowed Defendant's probation officer to speak. The probation officer stated:

> [Defendant] continues to walk down the dangerous and deadly path, being, in the 17 case, being found in willful violation of committing a felony act by possessing a firearm and serving two, or two CRVs in 2018 case, we would respectfully request revocation because I don't . . . know what other option is left.

The trial court found Defendant willfully violated the eighth condition and revoked Defendant's probation. Defendant gave oral Notice of Appeal in open court.

¶ 7     On 21 November 2019, the trial court entered Judgments in each case revoking Defendant's probation and activating his suspended sentences. On both Judgments, the trial court checked boxes indicating Defendant waived his revocation hearing and admitted to all eight violations. The trial court did not check the box indicating that each violation was itself a sufficient basis to revoke Defendant's probation. The trial court also checked boxes on both Judgments making Findings Defendant committed a new crime or absconded, and that Defendant had previously served two CRV periods.

## Issue

The dispositive issue on appeal is whether the trial court erred in revoking Defendant's probation in 17 CRS 86913 and 18 CRS 338 when the Record and errors in the Judgments in both cases leave the trial court's bases for revocation unclear.

## Analysis

Defendant argues we should vacate the trial court's Judgments in this case because discrepancies between the Record and the Judgments leave the trial court's bases for revocation in both cases unclear. We have previously vacated judgments revoking probation when the trial court's written judgment does not reflect the trial court's findings and rulings in the revocation hearing. *State v. Sitosky*, 238 N.C. App. 558, 564-65, 767 S.E.2d 623, 627-28 (2014), *writ denied*, 368 N.C. 237, 768 S.E.2d 847 (2015). In *Sitosky*, the defendant admitted to three of the violations included in the violation report. *Id.* at 560, 767 S.E.2d at 624. However, the trial court's written judgment indicated the defendant admitted to all of the violations in the report. *Id.* at 564, 767 S.E.2d at 627. Moreover, the trial court did not mark the box indicating each of the violations would be sufficient alone to revoke the defendant's probation. *Id.* at 565, 767 S.E.2d at 627-28. We concluded:

> [T]he judgments in this case do not provide us with a basis to determine whether the trial court would have decided to revoke Defendant's probation on the basis of her admission to committing the new crime . . . in the absence of the other alleged violations that it mistakenly found that Defendant had admitted.

*Id.* at 565, 767 S.E.2d at 627.

¶ 10        Similarly, in this case, the trial court marked the boxes on the Judgments indicating Defendant waived his hearing and admitted to all eight of the violations in the violation report. The trial court did not mark the box indicating each of those violations alone would support revoking Defendant's probation. Moreover, the trial court marked the boxes making separate Findings revocation was appropriate because Defendant committed a new crime or absconded, and the box indicating Defendant had served two prior CRV terms.

¶ 11        As evidenced by the transcript itself, however, Defendant did not waive his revocation hearing. Defendant expressly denied all eight of the allegations, and the trial court stated it would only find Defendant violated the eighth violation—not complying with the SRG Agreement. Nothing in the Record indicates the trial court ordered a second CRV term in 17 CRS 86913. Therefore, the Judgments do not provide this Court "a basis to determine whether the trial court would have decided to revoke Defendant's probation" on any appropriate grounds for revocation. *Id.* Therefore, we must vacate the Judgments and remand these matters to the trial court for further proceedings. *Id.*, 767 S.E.2d at 627-28.

¶ 12        As further guidance on remand, it appears from the trial court's orally rendered ruling at the conclusion of the hearing that the trial court intended to revoke

probation in both cases solely based on Defendant's purported violations related to the SRG program in combination with Defendant serving two prior CRVs. Defendant contends, however, it would be error to revoke Defendant's probation in 17 CRS 86913 on this basis. We agree. Our review of the Record reflects that while this may have been a proper basis—upon proper findings—to revoke Defendant's probation in 18 CRS 338, for the reasons that follow this could not serve as a basis to revoke Defendant's probation in 17 CRS 86913.

¶ 13        "A hearing to revoke a defendant's probationary sentence only requires that the evidence . . . reasonably satisfy the judge in the exercise of [the judge's] sound discretion that the defendant has willfully violated a valid condition of probation . . . ." *State v. Jones*, 225 N.C. App. 181, 183, 736 S.E.2d 634, 636 (2013) (citation omitted). "The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion." *Id.* However, "[t]he court may only revoke probation for a violation of a condition of probation under G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a), except as provided in G.S. 15A-1344(d2) ." N.C. Gen. Stat. § 15A-1344(a) (2019). Thus, a trial court may only revoke probation when a defendant commits a new crime, § 15A-1343(b)(1), absconds, § 15A-1343(b)(3a), or has previously served two 90-day terms of confinement based on violations of conditions of probation, § 15A-1344(d2). Moreover: "A defendant released on supervised probation must be given a written statement

explicitly setting forth the conditions on which the defendant is being released." N.C. Gen. Stat. § 15A-1343(c) (2019). Conditions not reduced to writing are not valid conditions of probation. *See State v. Crowder*, 208 N.C. App. 723, 728, 704 S.E.2d 13, 16 (2010) ("Oral notice to defendant of his conditions of probation is not a satisfactory substitute for the written statement required by statute." (citation and quotation marks omitted)).

¶ 14     Here, Defendant argues the trial court could not have properly found he violated the SRG Agreement because the trial court never included the SRG Agreement in its written Orders modifying his probation in 17 CRS 86913; thus, the SRG Agreement was not a valid condition of his probation in that matter. The Record shows none of the trial court's Orders modifying Defendant's conditions of probation in 17 CRS 86913 expressly included the SRG Agreement as a condition. The SRG Agreement was an express condition of Defendant's probation only in 18 CRS 338 as evidenced by Defendant's 2 May 2019 Waiver of Hearing and the trial court's 2 May 2019 Order modifying Defendant's probation in 18 CRS 338. Even though, as the State argues, the SRG Agreement may have referenced both 17 CRS 86913 and 18 CRS 338, the trial court had to include the condition in a written order for the condition to be valid. N.C. Gen. Stat. § 15A-1343(c) (2019); *Crowder*, 208 N.C. App. at 728, 704 S.E.2d at 16. Thus, because the SRG Agreement was only a written condition of probation in 18 CRS 338, it was a valid condition only in that case.

Therefore, the trial court erred by basing its Finding Defendant violated the conditions of his probation on Defendant violating the terms of the SRG Agreement.[2]

¶ 15        Moreover, even assuming the trial court did not err in finding Defendant violated a valid condition by not complying with the SRG Agreement, in order to revoke probation, the trial court would have also had to find Defendant committed a new crime, absconded, or served two prior terms of CRV in this matter. N.C. Gen. Stat. § 15A-1344(a) (2019). The 24 January 2019 Order on Violation of Probation is the only order in the Record requiring Defendant to serve a CRV period in connection with probation violations in 17 CRS 86913. Defendant was ordered to serve a CRV period in 18 CRS 338 based on the same set of violations on 24 January 2019.

---

[2] The State argues in 18 CRS 338 Defendant signed the form Order on Violation of Probation or on Motion to Modify which includes the instruction "(**Note:** *Defendant signs the following statement in all cases of supervised probation unless probation is terminated or not modified. . . .*)." Thus, the State contends the Order modifying Defendant's probation to include the SRG Agreement in 18 CRS 338 should also apply to 17 CRS 86913. This contention is baseless. The State provides no authority for its contention. Indeed, the State fails to provide the full quote from the form, much less its context. It is plainly apparent from the face of the form that this "note" is not a certification by a defendant but rather an instructional note to the person completing the form that a defendant's signature is required on the form unless probation is terminated or not modified. The note goes on to provide that a witness should sign the form at the same time as the defendant and, that for in-chambers consent modifications, both defendant and the prosecutor must sign the form prior to its entry. Here, Defendant consistent with the instruction signed the Order certifying only that he had received a copy of the Order prior to its entry, agreed to the SRG Agreement it set out specifically in 18 CRS 338, waived liability for any loss or damage he incurred performing community service, and understood his probation could be extended pursuant to applicable statutes.

Defendant was ordered to serve another CRV period in 18 CRS 338 on 3 July 2019. Therefore, revocation in 18 CRS 338 may have been proper. However, the 3 July 2019 Order in 17 CRS 86913, based on the same violations, did not require Defendant to serve a CRV period in that matter. In fact, that Order in the Record before us does not include a "page two" where the trial court would indicate the CRV terms, and the trial court continued disposition in the matter to 19 December 2019. The 3 July Order only references CRV in connection with 18 CRS 338. Prior periods of CRV were the only bases for revocation under N.C. Gen. Stat. § 15A-1344(a) discussed and argued at the hearing. Because the Record does not indicate Defendant served two prior CRV periods in 17 CRS 86913, this would not be a proper basis for revoking his probation in that case.

¶ 16      The State argues that because Defendant had previously possessed a firearm—thus, Defendant committed a new crime—his probation could have been revoked at any time. The only time Defendant's possessing a firearm came up at the hearing in question was after the close of the evidence when the trial court allowed the probation officer to speak. However, the State did not include this alleged violation in the report relevant to this hearing. The State also did not bring up this point during the hearing and did not argue it to the trial court. Again, in a prior proceeding, on 3 July 2019, the trial court had continued disposition on that particular violation for 19 December 2019. Therefore, there was no evidence Defendant committed a new crime,

absconded, or previously served two periods of CRV in 17 CRS 86913 specifically. Thus, the trial court erred in revoking Defendant's probation in 17 CRS 86913 pursuant to N.C. Gen. Stat. § 15A-1344(a) on these bases. Consequently, we vacate the trial court's Judgments revoking probation in 17 CRS 86913 and 18 CRS 338 and remand to the trial court for a determination as to whether there were grounds to revoke Defendant's probation and to make proper findings of fact based on the Record and evidence before it to support its determinations.

## **Conclusion**

¶ 17 Accordingly, for the foregoing reasons, we vacate the Judgments and remand these matters to the trial court for clarification of the bases upon which it revoked Defendant's probation should it determine revocation was, in fact, proper.

VACATED AND REMANDED.

Judges DILLON and DIETZ concur.