IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-702

 No. COA20-831

 Filed 21 December 2021

 Buncombe County, Nos. 17 CRS 86913, 18 CRS 338

 STATE OF NORTH CAROLINA

 v.

 BRYSON JOHNSON WHATLEY

 Appeal by Defendant from Judgments entered 21 November 2019 by Judge

 Steve R. Warren in Buncombe County Superior Court. Heard in the Court of Appeals

 20 October 2021.

 Attorney General Joshua H. Stein, by Senior Deputy Attorney General Amar
 Majmundar and Assistant Attorney General Grace R. Linthicum, for the State.

 Sigler Law, PLLC, by Kerri L. Sigler, for defendant-appellant.

 HAMPSON, Judge.

 Factual and Procedural Background

¶1 Bryson Johnson Whatley (Defendant) appeals from Judgments and

 Commitments revoking his supervised probation and activating two suspended

 consecutive sentences. The Record before us tends to show the following:

¶2 On 7 May 2018, a Buncombe County Grand Jury indicted Defendant on one

 count of Assault with a Deadly Weapon with Intent to Kill (17 CRS 86913) and one
 STATE V. WHATLEY

 2021-NCCOA-702

 Opinion of the Court

 count of Robbery with a Dangerous Weapon (18 CRS 338). On 5 September 2018,

 Defendant pled guilty to the charges in 17 CRS 86913 and 18 CRS 338. The trial

 court sentenced Defendant to a term of twenty to thirty-three months in 17 CRS

 86913, and a consecutive term of ten to twenty-one months in 18 CRS 338. The trial

 court suspended both sentences and placed Defendant on 36-month terms of

 probation in each case.

¶3 Defendant’s probation officers filed numerous violation reports, and the trial

 court modified Defendant’s terms of probation on numerous occasions. Relevant to

 this appeal, the trial court modified Defendant’s probation on 25 January 2019 and

 ordered Defendant serve 90-day Confinement in Response to Violation (CRV) periods

 in both cases. On 2 May 2019, the trial court modified Defendant’s probation in 18

 CRS 338 and added a condition Defendant comply with the Security Risk Group

 Agreement (SRG Agreement). The trial court did not modify Defendant’s probation

 in 17 CRS 86913 based on the same violation report. On 3 July 2019, the trial court

 modified Defendant’s probation in 18 CRS 338 and imposed a second 90-day CRV

 period. The trial court also modified Defendant’s probation in 17 CRS 86913 by

 imposing electronic monitoring on Defendant after his release from the CRV period

 in 18 CRS 338. However, the trial court did not impose a CRV period in 17 CRS

 86913, and the trial court continued the disposition in that matter until 19 December

 2019.
 STATE V. WHATLEY

 2021-NCCOA-702

 Opinion of the Court

¶4 Finally, on 4 October 2019, Defendant’s probation officer filed a violation report

 alleging eight probation violations in both cases. The eighth listed violation alleged

 Defendant failed to comply with the SRG Agreement. Defendant’s cases came on for

 a probation violation hearing on 21 November 2019 in Buncombe County Superior

 Court.

¶5 At the outset, Defendant did not waive a hearing and expressly denied all eight

 alleged violations. The State moved to dismiss the seventh alleged violation and

 proceeded to present the trial court with evidence of Defendant’s other alleged

 violations. The first four allegations related to Defendant not reporting for

 supervision within 72 hours of release from CRV and not setting up electronic

 monitoring within that 72-hour period.1 The fifth and sixth violations alleged

 Defendant did not obtain a GED and was not gainfully employed as previously

 ordered as probation conditions. Regarding the eighth violation, the State presented

 evidence Defendant posted gang related content online, in violation of the SRG

 Agreement.

¶6 In arguing the trial court should not find Defendant willfully committed the

 alleged violations contained in the relevant reports, defense counsel stated: “He

 served two CRVs on the first case. On the second case he served one and Your Honor

 1 The testimony indicates Defendant checked in with the Probation Office on the day

 his 72-hour window expired some hours after the window expired.
 STATE V. WHATLEY

 2021-NCCOA-702

 Opinion of the Court

 held that one in abeyance, so in any event, two CRVs technical violations, technically

 he can be revoked.” The Record indicates the only probation proceeding the trial held

 in abeyance or continued was the July 2019 proceeding in 17 CRS 86913. The trial

 court was “not reasonably satisfied there was a willful violation” in the first four

 allegations. The trial court expressed no findings as to the fifth and sixth alleged

 violations. After the parties concluded their cases, the trial court allowed Defendant’s

 probation officer to speak. The probation officer stated:

 [Defendant] continues to walk down the dangerous and deadly
 path, being, in the 17 case, being found in willful violation of
 committing a felony act by possessing a firearm and serving two,
 or two CRVs in 2018 case, we would respectfully request
 revocation because I don’t . . . know what other option is left.

 The trial court found Defendant willfully violated the eighth condition and revoked

 Defendant’s probation. Defendant gave oral Notice of Appeal in open court.

¶7 On 21 November 2019, the trial court entered Judgments in each case revoking

 Defendant’s probation and activating his suspended sentences. On both Judgments,

 the trial court checked boxes indicating Defendant waived his revocation hearing and

 admitted to all eight violations. The trial court did not check the box indicating that

 each violation was itself a sufficient basis to revoke Defendant’s probation. The trial

 court also checked boxes on both Judgments making Findings Defendant committed

 a new crime or absconded, and that Defendant had previously served two CRV

 periods.
 STATE V. WHATLEY

 2021-NCCOA-702

 Opinion of the Court

 Issue

¶8 The dispositive issue on appeal is whether the trial court erred in revoking

 Defendant’s probation in 17 CRS 86913 and 18 CRS 338 when the Record and errors

 in the Judgments in both cases leave the trial court’s bases for revocation unclear.

 Analysis

¶9 Defendant argues we should vacate the trial court’s Judgments in this case

 because discrepancies between the Record and the Judgments leave the trial court’s

 bases for revocation in both cases unclear. We have previously vacated judgments

 revoking probation when the trial court’s written judgment does not reflect the trial

 court’s findings and rulings in the revocation hearing. State v. Sitosky, 238 N.C. App.

 558, 564-65, 767 S.E.2d 623, 627-28 (2014), writ denied, 368 N.C. 237, 768 S.E.2d 847

 (2015). In Sitosky, the defendant admitted to three of the violations included in the

 violation report. Id. at 560, 767 S.E.2d at 624. However, the trial court’s written

 judgment indicated the defendant admitted to all of the violations in the report. Id.

 at 564, 767 S.E.2d at 627. Moreover, the trial court did not mark the box indicating

 each of the violations would be sufficient alone to revoke the defendant’s probation.

 Id. at 565, 767 S.E.2d at 627-28. We concluded:

 [T]he judgments in this case do not provide us with a basis to
 determine whether the trial court would have decided to revoke
 Defendant’s probation on the basis of her admission to
 committing the new crime . . . in the absence of the other alleged
 violations that it mistakenly found that Defendant had admitted.
 STATE V. WHATLEY

 2021-NCCOA-702

 Opinion of the Court

 Id. at 565, 767 S.E.2d at 627.

¶ 10 Similarly, in this case, the trial court marked the boxes on the Judgments

 indicating Defendant waived his hearing and admitted to all eight of the violations

 in the violation report. The trial court did not mark the box indicating each of those

 violations alone would support revoking Defendant’s probation. Moreover, the trial

 court marked the boxes making separate Findings revocation was appropriate

 because Defendant committed a new crime or absconded, and the box indicating

 Defendant had served two prior CRV terms.

¶ 11 As evidenced by the transcript itself, however, Defendant did not waive his

 revocation hearing. Defendant expressly denied all eight of the allegations, and the

 trial court stated it would only find Defendant violated the eighth violation—not

 complying with the SRG Agreement. Nothing in the Record indicates the trial court

 ordered a second CRV term in 17 CRS 86913. Therefore, the Judgments do not

 provide this Court “a basis to determine whether the trial court would have decided

 to revoke Defendant’s probation” on any appropriate grounds for revocation. Id.

 Therefore, we must vacate the Judgments and remand these matters to the trial court

 for further proceedings. Id., 767 S.E.2d at 627-28.

¶ 12 As further guidance on remand, it appears from the trial court’s orally

 rendered ruling at the conclusion of the hearing that the trial court intended to revoke
 STATE V. WHATLEY

 2021-NCCOA-702

 Opinion of the Court

 probation in both cases solely based on Defendant’s purported violations related to

 the SRG program in combination with Defendant serving two prior CRVs. Defendant

 contends, however, it would be error to revoke Defendant’s probation in 17 CRS 86913

 on this basis. We agree. Our review of the Record reflects that while this may have

 been a proper basis—upon proper findings—to revoke Defendant’s probation in 18

 CRS 338, for the reasons that follow this could not serve as a basis to revoke

 Defendant’s probation in 17 CRS 86913.

¶ 13 “A hearing to revoke a defendant’s probationary sentence only requires that

 the evidence . . . reasonably satisfy the judge in the exercise of [the judge’s] sound

 discretion that the defendant has willfully violated a valid condition of probation . . .

 .” State v. Jones, 225 N.C. App. 181, 183, 736 S.E.2d 634, 636 (2013) (citation

 omitted). “The judge’s finding of such a violation, if supported by competent evidence,

 will not be overturned absent a showing of manifest abuse of discretion.” Id.

 However, “[t]he court may only revoke probation for a violation of a condition of

 probation under G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a), except as provided in

 G.S. 15A-1344(d2) .” N.C. Gen. Stat. § 15A-1344(a) (2019). Thus, a trial court may

 only revoke probation when a defendant commits a new crime, § 15A-1343(b)(1),

 absconds, § 15A-1343(b)(3a), or has previously served two 90-day terms of

 confinement based on violations of conditions of probation, § 15A-1344(d2). Moreover:

 “A defendant released on supervised probation must be given a written statement
 STATE V. WHATLEY

 2021-NCCOA-702

 Opinion of the Court

 explicitly setting forth the conditions on which the defendant is being released.” N.C.

 Gen. Stat. § 15A-1343(c) (2019). Conditions not reduced to writing are not valid

 conditions of probation. See State v. Crowder, 208 N.C. App. 723, 728, 704 S.E.2d 13,

 16 (2010) (“Oral notice to defendant of his conditions of probation is not a satisfactory

 substitute for the written statement required by statute.” (citation and quotation

 marks omitted)).

¶ 14 Here, Defendant argues the trial court could not have properly found he

 violated the SRG Agreement because the trial court never included the SRG

 Agreement in its written Orders modifying his probation in 17 CRS 86913; thus, the

 SRG Agreement was not a valid condition of his probation in that matter. The Record

 shows none of the trial court’s Orders modifying Defendant’s conditions of probation

 in 17 CRS 86913 expressly included the SRG Agreement as a condition. The SRG

 Agreement was an express condition of Defendant’s probation only in 18 CRS 338 as

 evidenced by Defendant’s 2 May 2019 Waiver of Hearing and the trial court’s 2 May

 2019 Order modifying Defendant’s probation in 18 CRS 338. Even though, as the

 State argues, the SRG Agreement may have referenced both 17 CRS 86913 and 18

 CRS 338, the trial court had to include the condition in a written order for the

 condition to be valid. N.C. Gen. Stat. § 15A-1343(c) (2019); Crowder, 208 N.C. App.

 at 728, 704 S.E.2d at 16. Thus, because the SRG Agreement was only a written

 condition of probation in 18 CRS 338, it was a valid condition only in that case.
 STATE V. WHATLEY

 2021-NCCOA-702

 Opinion of the Court

 Therefore, the trial court erred by basing its Finding Defendant violated the

 conditions of his probation on Defendant violating the terms of the SRG Agreement.2

¶ 15 Moreover, even assuming the trial court did not err in finding Defendant

 violated a valid condition by not complying with the SRG Agreement, in order to

 revoke probation, the trial court would have also had to find Defendant committed a

 new crime, absconded, or served two prior terms of CRV in this matter. N.C. Gen.

 Stat. § 15A-1344(a) (2019). The 24 January 2019 Order on Violation of Probation is

 the only order in the Record requiring Defendant to serve a CRV period in connection

 with probation violations in 17 CRS 86913. Defendant was ordered to serve a CRV

 period in 18 CRS 338 based on the same set of violations on 24 January 2019.

 2 The State argues in 18 CRS 338 Defendant signed the form Order on Violation of

 Probation or on Motion to Modify which includes the instruction “(Note: Defendant signs the
 following statement in all cases of supervised probation unless probation is terminated or not
 modified. . . .).” Thus, the State contends the Order modifying Defendant’s probation to
 include the SRG Agreement in 18 CRS 338 should also apply to 17 CRS 86913. This
 contention is baseless. The State provides no authority for its contention. Indeed, the State
 fails to provide the full quote from the form, much less its context. It is plainly apparent from
 the face of the form that this “note” is not a certification by a defendant but rather an
 instructional note to the person completing the form that a defendant’s signature is required
 on the form unless probation is terminated or not modified. The note goes on to provide that
 a witness should sign the form at the same time as the defendant and, that for in-chambers
 consent modifications, both defendant and the prosecutor must sign the form prior to its
 entry. Here, Defendant consistent with the instruction signed the Order certifying only that
 he had received a copy of the Order prior to its entry, agreed to the SRG Agreement it set out
 specifically in 18 CRS 338, waived liability for any loss or damage he incurred performing
 community service, and understood his probation could be extended pursuant to applicable
 statutes.
 STATE V. WHATLEY

 2021-NCCOA-702

 Opinion of the Court

 Defendant was ordered to serve another CRV period in 18 CRS 338 on 3 July 2019.

 Therefore, revocation in 18 CRS 338 may have been proper. However, the 3 July 2019

 Order in 17 CRS 86913, based on the same violations, did not require Defendant to

 serve a CRV period in that matter. In fact, that Order in the Record before us does

 not include a “page two” where the trial court would indicate the CRV terms, and the

 trial court continued disposition in the matter to 19 December 2019. The 3 July Order

 only references CRV in connection with 18 CRS 338. Prior periods of CRV were the

 only bases for revocation under N.C. Gen. Stat. § 15A-1344(a) discussed and argued

 at the hearing. Because the Record does not indicate Defendant served two prior

 CRV periods in 17 CRS 86913, this would not be a proper basis for revoking his

 probation in that case.

¶ 16 The State argues that because Defendant had previously possessed a firearm—

 thus, Defendant committed a new crime—his probation could have been revoked at

 any time. The only time Defendant’s possessing a firearm came up at the hearing in

 question was after the close of the evidence when the trial court allowed the probation

 officer to speak. However, the State did not include this alleged violation in the report

 relevant to this hearing. The State also did not bring up this point during the hearing

 and did not argue it to the trial court. Again, in a prior proceeding, on 3 July 2019,

 the trial court had continued disposition on that particular violation for 19 December

 2019. Therefore, there was no evidence Defendant committed a new crime,
 STATE V. WHATLEY

 2021-NCCOA-702

 Opinion of the Court

 absconded, or previously served two periods of CRV in 17 CRS 86913 specifically.

 Thus, the trial court erred in revoking Defendant’s probation in 17 CRS 86913

 pursuant to N.C. Gen. Stat. § 15A-1344(a) on these bases. Consequently, we vacate

 the trial court’s Judgments revoking probation in 17 CRS 86913 and 18 CRS 338 and

 remand to the trial court for a determination as to whether there were grounds to

 revoke Defendant’s probation and to make proper findings of fact based on the Record

 and evidence before it to support its determinations.

 Conclusion

¶ 17 Accordingly, for the foregoing reasons, we vacate the Judgments and remand

 these matters to the trial court for clarification of the bases upon which it revoked

 Defendant’s probation should it determine revocation was, in fact, proper.

 VACATED AND REMANDED.

 Judges DILLON and DIETZ concur.