AN UNPUBLISHED OPINION OF THE NORTH CAROLINA COURT OF APPEALS DOES NOT CONSTITUTE CONTROLLING LEGAL AUTHORITY. CITATION IS DISFAVORED, BUT MAY BE PERMITTED IN ACCORDANCE WITH THE PROVISIONS OF RULE 30(E)(3) OF THE NORTH CAROLINA RULES OF APPELLATE PROCEDURE.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1053

Filed:  5 May 2015

Cabarrus County, No. 53689

STATE OF NORTH CAROLINA

v.

DONOVAN ADRIAN-LE STURDIVANT

Appeal by defendant from judgments entered 25 April 2014 by Judge Christopher W. Bragg in Cabarrus County Superior Court.  Heard in the Court of Appeals 17 March 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Brenda Eaddy, for the State.*

> *Kathy LaMotte, for defendant-appellant.*

CALABRIA, Judge.

Donovan Adrian-Le Sturdivant ("defendant") appeals from judgments entered upon revocation of his probation for absconding from supervision and activating his suspended sentences. We affirm.

On 24 July 2013, defendant pled guilty pursuant to *Alford* to two counts of failure to notify the Cabarrus County Sheriff of a change of address as a sex offender. The trial court sentenced defendant to two consecutive terms of a minimum of 21 to a maximum of 35 months in the custody of the North Carolina Division of Adult Correction. The trial court then suspended defendant's sentences and placed him on supervised probation for 30 months. Defendant was also required to comply with conditions of probation. One of the conditions required that defendant "[n]ot abscond, by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer."

On 24 January 2014, defendant's probation officer, Jennifer Walker ("Walker") filed violation reports in both of defendant's cases. Walker alleged that defendant violated his probation by absconding. Walker specifically alleged, *inter alia*, that defendant absconded from probation by failing to make his whereabouts known to her and by providing a false address.

At the 25 April 2014 probation revocation hearing, defendant denied willfully violating the terms of his probation. Walker testified for the State that defendant called her and told her he had posted a bond, and that she tried to schedule an

appointment with him. However, defendant never contacted her again or gave her an accurate address. The trial court found defendant had willfully violated the terms of his probation by absconding, revoked defendant's probation, and activated his suspended sentences. Defendant appeals.

On appeal, defendant argues that the trial court abused its discretion by revoking his probation. Specifically, defendant contends that his actions merely amounted to noncompliance with his probation terms, which does not provide for immediate revocation. We disagree.

> A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.

*State v. Jones*, __ N.C. App. __, __, 736 S.E.2d 634, 636 (2013) (citation omitted).

Under the Justice Reinvestment Act ("JRA"), a trial court may only revoke probation where the defendant commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or violates any condition of probation after serving two prior periods of confinement resulting from violations under N.C. Gen. Stat. § 15A-1344(d2). N.C. Gen. Stat. § 15A-1344(a) (2013). Absconding is defined as "willfully avoiding

supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer, if the defendant is placed on supervised probation." N.C. Gen. Stat. § 15A-1343(b)(3a) (2013). The absconding provision of the JRA is applicable only to probation violations committed on or after 1 December 2011. 2011 N.C. Sess. Laws 192, sec. 4.

As an initial matter, the underlying offenses for which defendant was placed on probation occurred in May 2012. (R p 13, 17) Defendant's alleged violations occurred in January 2014. Therefore, the provisions of the JRA apply to defendant's alleged violations.

Defendant argues that the evidence presented at the probation revocation hearing was insufficient to support the trial court's finding that he absconded because Walker did not take affirmative investigative steps to locate him. To support his argument, defendant relies on the Community Corrections policy, which outlines investigative steps for officers to follow prior to declaring an offender an absconder. However, defendant correctly concedes that "the law does not require that Walker complete such an investigation before bringing an absconding allegation." The trial court informed defendant's attorney that it is not bound by Community Corrections policy. Therefore, the issue is whether defendant's conduct is the type of conduct that constitutes absconding as defined by N.C. Gen. Stat. § 15A-1343(b)(3a).

4

At the hearing, Walker testified that defendant posted bond on other matters on 31 December 2013 and failed to contact her within 72 hours of his release; that defendant eventually phoned her on 10 January 2014 and informed her that he was living with his grandfather in Kannapolis; that she tried to schedule an in-person appointment during the phone call, but defendant said he would call her back after checking with his sister for a ride; that she did not hear from defendant; and that a probation officer went to the grandfather's residence on 21 January 2014 and was told by defendant's grandfather that defendant did not live there. Walker also testified that defendant never gave her an accurate address. On cross-examination, Walker acknowledged that an officer visited the grandfather's residence only one time. She testified, however, that there was no need to return since defendant's grandfather informed the officer that defendant did not live there. Walker also testified that it was defendant's responsibility to provide her with an accurate address, and that this was not the first time that defendant had given her a false address. A prior address given by defendant turned out to be "an abandoned house."

Officer Walker's testimony is competent evidence that supports the trial court's finding that defendant willfully avoided supervision and willfully made his whereabouts unknown by failing to contact his probation officer and by giving her a false address. Although it would have been a better practice for Walker to have conducted an investigation, the evidence presented is sufficient to show that

defendant provided a false address to Officer Walker, and willfully made his whereabouts unknown to her. Since the trial court's finding was supported by competent evidence, the trial court did not abuse its discretion in revoking defendant's probation and activating his sentences. We affirm.

AFFIRMED.

Judges McCULLOUGH and DIETZ concur.

Report per Rule 30(e).