STROUD, Judge.
Defendant appeals a criminal judgment revoking his probation and a civil judgment for court-appointed attorney fees. The trial court properly revoked defendant's probation based on absconding supervision where the defendant failed to report to his probation officer as required by law and then failed to provide an address or to notify his probation officer of his whereabouts, even after the officer had made several attempts to find him. But because defendant had no opportunity to be heard as to the amount of attorney fees awarded in the civil judgment, we vacate the civil judgment and remand for a new hearing on this issue.
I. Background
In October of 2015, defendant pled guilty to assault with a deadly weapon inflicting serious injury. The trial court suspended defendant's sentence and placed him on supervised probation for 50 months. In May of 2016, the trial court revoked defendant's probation for absconding and failing to pay restitution. Defendant appeals.
II. Petition for Writ of Certiorari
Defendant petitions this Court for writ of certiorari due to his failure to identify the Court of Appeals as the court he was appealing to and his failure to provide adequate notice to the State of his appeal. In our discretion under North Carolina Rule of Appellate Procedure 21(a), we allow defendant's petition as to his criminal judgment. See generally N.C. R. App. P. 21(a). Defendant also has a meritorious argument on the issue of attorney fees, so we also allow his petition on the civil judgment. See generally State v. Friend, --- N.C. App. ----, ----, --- S.E.2d ----, ---- (COA17-309) (Jan. 16, 2018) ("[I]t is less common for this Court to allow a petition for a writ of certiorari where a litigant failed to timely appeal a civil judgment. But, as explained below, Friend's argument on the issue of attorneys' fees is meritorious. Accordingly, in our discretion, we issue a writ of certiorari to review this issue as well.")
III. Standard of Review
A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.
State v. Jones , 225 N.C. App. 181, 183, 736 S.E.2d 634, 636 (2013) (citation omitted).
IV. Criminal Judgment for Absconding
As a regular condition of probation, a defendant must "[n]ot abscond by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown[.]" N.C. Gen. Stat. § 15A-1343(b)(3a) (2015). If a defendant absconds, the trial court may revoke his probation. See N.C. Gen. Stat. § 15A-1344(a) (2015).
Defendant's probation officer filed a report stating,
[t]he defendant was put on probation on 10/15/2015. The defendant failed to report to the probation office after release from jail. The PPO tried numerous times to contact the defendant. The PPO went to the defendant[']s given address three times and on the third time talked to the defendant[']s mother. She stated that the defendant did not live there. PPO tried to call the defendant with no answer. The defendant is making his whereabouts unknown therefore absconding supervision.
(Original in all caps.)
In his appeal, defendant does not challenge the probation officer's report, but defendant relies upon his testimony in which he explained his side of the story to the trial court. Defendant claims he reported to the probation office fourteen days after his release from jail but his officer was not there, and fifteen days later, he informed his probation officer of "where he was currently living." Essentially, defendant's legal argument is because of his efforts to inform his probation officer of his address, the State has failed to demonstrate that he "willfully" absconded. See N.C. Gen. Stat. § 15A-1343(b)(3a). In State v. Trent , our Court explained the defendant had absconded in that case
for the simple, but significant, fact that Officer Russell was never aware of defendant's whereabouts after he left Randleman on 23 April 2016. When defendant accepted an eight-day painting job in Raleigh, he failed to notify Officer Russell of his employment opportunity prior to traveling. As a result, Officer Russell was unaware that defendant would not be in Randleman when she made her first unscheduled visit to his residence on 24 April 2016. Upon her arrival, Officer Russell met defendant's wife, Kim, who was very upset. Kim told Officer Russell that she had not seen defendant since the previous day, when he took her car and bank card without permission and left the residence. These allegations prompted Officer Russell's second unscheduled visit less than two weeks later. When Officer Russell revisited the residence on 5 May 2016, Kim said that defendant still had not returned, and she did not know where he was. Consequently, on 9 May 2016, Officer Russell filed violation reports.
Unlike the officer in Johnson , however, Officer Russell did not have the benefit of tracking defendant's movements via electronic monitoring device. Moreover, unlike in Williams , Officer Russell had absolutely no means of contacting defendant during his unauthorized trip to Raleigh.
Defendant asserts that Officer Russell made a premature determination that he absconded, because she did not testify that she attempted to contact defendant by telephone, by mail or by any other means or that she contacted any relatives or associates other than his wife listed in his file. As previously explained, however, once the State presented competent evidence establishing defendant's failure to comply with the terms of his probation, the burden was on defendant to demonstrate through competent evidence his inability to comply with those terms. Defendant was given ample opportunity to do so at the hearing, but instead, he attempted to deflect the blame for his actions[.]
State v. Trent , --- N.C. App. ----, ----, 803 S.E.2d 224, 230-31 (2017) (citations, quotation marks, ellipses, and brackets omitted).
We review this issue for abuse of discretion. See Jones , 225 N.C. App. at 183, 736 S.E.2d at 636. Defendant failed to report to his probation officer within 72 hours as required by North Carolina General Statute § 15A-1343(b) (2015), failed to provide a proper address, and failed to inform his probation officer he was moving before he actually moved. The trial court did not abuse its discretion in determining defendant had willfully absconded. We therefore find no error in defendant's criminal judgment.
V. Restitution
Defendant next contends that failure to pay restitution was not a valid reason for the trial court to revoke his probation. But because the trial court properly revoked his probation for absconding, we need not address this issue.
VI. Civil Judgment for Attorney Fees
Last, defendant contends that "the trial court erred by awarding attorney fees and an appointment fee without conducting a hearing at which ... [he] was present." (Original in all caps.) Our Court has recently addressed this issue and stated:
In certain circumstances, trial courts may enter civil judgments against convicted indigent defendants for the attorneys' fees incurred by their court appointed counsel. See N.C. Gen. Stat. § 7A-455. By statute, counsel's fees are calculated using rules adopted by the Office of Indigent Defense Services, but trial courts awarding counsel fees must take into account factors such as "the nature of the case, the time, effort, and responsibility involved, and the fee usually charged in similar cases." N.C. Gen. Stat. § 7A-455(b). Before imposing a judgment for these attorneys' fees, the trial court must afford the defendant notice and an opportunity to be heard. State v. Jacobs , 172 N.C. App. 220, 235, 616 S.E.2d 306, 316 (2005) ; State v. Crews , 284 N.C. 427, 442, 201 S.E.2d 840, 849 (1974).
....
Ordinarily, when a defendant is represented by counsel, notice to defendant's counsel that the court is taking up the issue would be sufficient to satisfy the requirement that the defendant must have notice and an opportunity to be heard. Counsel for defendants understand that, if they wish to be heard on an issue during an ongoing court proceeding, they can simply rise and ask the court for permission to be heard. Thus, ordinarily, by not asserting a particular argument when discussing an issue with the court, defendants (through counsel) were given the opportunity to raise the argument and waived it. But on this particular issue, attributing counsel's silence to the defendant could lead to injustice. When the court is contemplating a money judgment against the defendant for attorneys' fees incurred by appointed counsel under N.C. Gen. Stat. § 7A-455, the interests of the defendant and trial counsel are not necessarily aligned. For example, a defendant may believe that the amount of fees requested is unreasonable given the time, effort, or responsibility involved in defending the case.
Counsel, unsurprisingly, might feel otherwise. Further complicating the issue, courts typically address the question of attorneys' fees at the end of the criminal sentencing proceeding. At nearly every other point in a criminal proceeding, defendants represented by counsel who ask to be personally heard on an issue would be told that they must speak through their counsel. Those defendants might reasonably believe the same is true when the court turns to the issue of attorneys' fees for their court-appointed lawyers.
To avoid the risk that defendants are deprived of the opportunity to be heard in this context, we adopt the reasoning of our unpublished decisions in Farabee and Hurley and hold that, before entering money judgments against indigent defendants for fees imposed by their court-appointed counsel under N.C. Gen. Stat. § 7A-455, trial courts should ask defendants-personally, not through counsel-whether they wish to be heard on the issue. Absent a colloquy directly with the defendant on this issue, the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard.
Friend , --- N.C. App. at ----, --- S.E.2d at ----.
The State argues that defendant was present for the probation revocation hearing and that attorney fees were discussed although the judgment was entered later. Yet our review of the transcript indicates that the discussion in court of "fees" dealt only with court costs and not specifically attorney fees. Because the record does not indicate defendant had the opportunity to be heard on the issue of attorney fees, we vacate the civil judgment of attorney fees. See Id. at ----, ---, S.E.2d at ---- ("Here, the State concedes that the trial court did not inform Friend of his right to be heard on the issue of attorneys' fees, and nothing in the record indicates that Friend understood he had that right. Accordingly, we vacate the civil judgment for attorneys' fees under N.C. Gen. Stat. § 7A-455 and remand to the trial court for further proceedings on this issue.")
VII. Conclusion
We find no error in defendant's probation revocation. We vacate the civil judgment of attorney fees and remand for further proceedings.
NO ERROR in part; VACATED in part.
Report per Rule 30(e).
Judges BRYANT and DAVIS concur.